**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYRONE EVERETT PAYNE, | No. 11-35758 |
| Petitioner - Appellant, | |
| v. | D.C. No. 9:11-cv-00042-DWM |
| LEROY KIRKEGARD; Attorney General of the State of Montana, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted September 10, 2012[**]

Before:      WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Montana state prisoner Tyrone Everett Payne appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as procedurally

defaulted. We have jurisdiction under 28 U.S.C. § 2253, and we vacate and

remand.

Payne contends that Mont. Code Ann. § 46-23-507, as interpreted by the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

state supreme court in his appeal, is unconstitutional under the principles set forth in *Lambert v. California*, 355 U.S. 225 (1957). Payne concedes that he did not raise this claim in state court. The district court correctly determined that he had failed to establish cause and prejudice for his default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (claim of ineffective assistance of counsel "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default") (internal quotations omitted).

Payne also argues that he is actually innocent of the crime of conviction and, therefore, excused from presenting his *Lambert* claim first in state court under the "fundamental miscarriage of justice" exception to the procedural default doctrine. This contention fails because Payne cannot show that he is factually innocent of violating Mont. Code Ann. § 46-23-507. *See Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (to establish actual innocence excusing procedural default, petitioner must show that in light of all the evidence, including excluded evidence and new evidence that might be introduced by both sides, it is more likely than not that no reasonable juror would have convicted him); *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003) ("actual innocence means factual innocence, not mere legal insufficiency") (internal quotations omitted).

Dismissal of Payne's *Lambert* claim as procedurally defaulted was, accordingly, proper if Payne's *Lambert* claim would now be barred under a state procedural rule that is "clear, consistently applied, and well-established," so as to provide an adequate and independent state procedural bar to relief. *See Hanson v. Mahoney*, 433 F.3d 1107, 1113 (9th Cir. 2006) (internal quotations omitted). Because the record leaves uncertain whether the district court considered the adequacy and independence of any state procedural bar, we remand Payne's *Lambert* claim solely for consideration of that issue.

Payne last argues that dismissal of his petition was improper because he disavowed any claim of ineffective assistance of counsel; thus, his petition contained only exhausted claims. This contention has merit. Because Payne has steadfastly maintained that he does not wish to pursue a claim of ineffective assistance of counsel and because he has abandoned the argument that counsel's ineffectiveness supplied cause for his procedural default, his petition must be viewed as containing only exhausted claims: a Confrontation Clause claim and the *Lambert* claim. The district court dismissed the petition without ruling on the merits of the Confrontation Clause claim. On remand, the district court shall consider that claim.

All pending motions are denied.

**VACATED and REMANDED.**

11-35758